**WEIMAR v INDUSTRIAL COMM**

Ohio Appeals, 9th Dist, Summit Co
No 1820. Decided Jan 26, 1931

Doolittle, Foust & Holden, Akron, for Weimer.

Gilbert Bettman and R. R. Zurmehly, Columbus, and Don Isham and W. A. Spencer, Akron, for Industrial Comm.

## PARDEE, J.

The plaintiff offered in support of the allegations of his petition a description of the kind of work he did and the method he used in doing the same. He also testified that the work made his fingers sore and at times "the blood would be about ready to seep through," that during the month of August, 1928, being the time set out in his application and petition, he did not remember of having broken the skin on his fingers or having cut or pricked his fingers, but had "lots of times" before. One of the physicians testified that—

"I feel that it could, a constant irritation of the finger together with even the slightest abrasion of the skin would make it very possible to set up a deep seated infection, in view of the fact that the anatomy of the fingers whereby the sepsis run directly deep to the periostoum and deep to the bone. In fact all those infections we get in the fingers are set up by infection getting in through the skin plus a trauma or very little trauma, as far as that goes. A constant irritation in pulling cloth it would seem to me very probable. If it had been one finger possibly—I think the fact that it is two fingers rather than one rules out the ordinary so-called felon as we speak of. Of course that is what these were, felons on both fingers. But you don't see a man getting a felon on both fingers without a definite reason for both fingers to be involved."

Another doctor testified that the conditions found by him in the plaintiff's fingers could have been caused by the material such as the plaintiff used in his work rubbing over his fingers.

These statements, then, are some evidence that the plaintiff suffered some "wound" or "injury" to his fingers, as claimed by him, and as one doctor said, "just as much as if he had hit his finger with a hammer or driven a tack into his finger or any other injury that you might be able to demonstrate a definite instant that the condition began," and prevented the trial court from taking the case from the jury and entering a judgment for the defendant.

There being some evidence to support all of the material claims of the plaintiff set out in his petition, the judgment of the trial court is reversed and the cause remanded for further proceedings according to law.

Funk, PJ, and Washburn, J, concur.